

**NORTHERN DISTRICT OF TEXAS**
**ENTERED**
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

*[signature: Harlin DeWayne Hale]*

**Signed March 13, 2008**                                                                **United States Bankruptcy Judge**

---

### UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| NETWORK STAFFING SERVICES, INC. | § | Case No. 02-35608 HDH-11 |
| | § | |
| Debtor | § | |
| | | |
| RICHARD BLUMBERG and STASAN, INC., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Adversary No. 06-3474 |
| | § | |
| NSSI LIQUIDATING TRUST, | § | |
| | § | |
| Defendant. | § | |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

On March 6, 2008, this Court conducted a trial on the above referenced adversary proceeding.

Richard Blumberg and Stasan, Inc. ("Plaintiffs") sued NSSI Liquidating Trust ("Defendant"),

claiming that a previous judgment for a preference was obtained by fraud on the Court. The trial of

**Findings of Fact and Conclusions of Law- Page 1**

this proceeding was combined with a similar motion in the main case to set aside an order sustaining an objection to Plaintiff Blumberg's claim for fraud on the Court. Therefore, these findings will also address that motion.

The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 151, and the standing order of reference in this district. This Matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B) & (O). The Court makes the following findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052:

### Findings of Fact

1. On July 26, 2004, Defendant filed its Original Complaint to Avoid and Recover Avoidable Transfers Under 11 U.S.C. §§544, 547, 548, 549 and 550 (the "Complaint"). A copy of the Complaint was served upon Stasan, Inc. and Richard Blumberg as the Defendants therein. Such Complaint bears Adversary Proceeding No 04-03437. The Court's Scheduling Order was served on Plaintiffs along with the Complaint. The Scheduling Order is also a part of this Court's public docket.

2. In the former adversary proceeding, Plaintiffs were granted an open extension by Mr. Grant, Defendant's former counsel, to file their answer. *See* Plaintiff's Exhibit 8. However, no agreement was made to alter the dates of the scheduling order or to continue the docket call, to which all parties were required by order to attend.

3. On December 13, 2004, a docket call was held in adversary No. 04-03437 before Judge Felsenthal, formerly of this Court, who noted the absence of Plaintiffs' counsel, and announced that a default judgment would be entered. Judgement was entered on December 16, 2004 in favor of

Defendant in the amount of $63,819.77. The judgment was electronically filed on the Court's docket.

4. An electronic entry closing the adversary proceeding after the entry of the default judgment was served via email on Mr. Rossini on December 29, 2004. No motion for new trial was filed on that default judgment. The Plaintiff filed the current proceeding on September 28, 2006.

5. The Fifth Circuit Court of Appeals in an opinion in a case between the Debtor and Stasan, Inc, an affiliate of Mr. Blumberg, found that Mr. Blumberg was the beneficial owner of more than 20 percent of the common stock of Network Staffing Solutions, Inc. and was thus an insider. The Debtor's Statement of Financial Affairs regarding "Payments to Insiders" reflects payments of $63,819.77 to Blumberg in the one year period between July 1, 2002 and July 1, 2003.

6. On October 20, 2004, Defendant filed an Objection to Claim of Richard Blumberg [Claim No. 53] (the "Objection"). Blumberg's Proof of Claim indicated that Blumberg's claim was based upon an agreed judgment rendered in Florida against the Debtor. Page 6 of the Objection expressly certified that a copy of the Objection was mailed to William Rossini at Vial Hamilton and to Samantha Tesser Haimo at her law office address in Florida. On or about October 20, 2004, such Objection was entered on the Court's electronic docket. Mr. Rossini also received a an electronic copy of the Objection via email.

7. No response to the Objection was filed, and on December 16, 2004, the Court entered its Order granting Defendant's Objection to Mr. Blumberg's Claim. An electronic copy of the order was sent to Mr. Rossini via email at the time of its entry.

8. No Motion for New Trial or Notice of Appeal was ever filed with respect to the Order granting Defendant's Objection to Blumberg's Claim No. 53. The Plaintiffs filed their 60(b) Motion on September 28, 2006.

## Conclusions of Law

1. The adversary proceeding is brought too late. The Plaintiffs seek relief from the Court's Order by an independent action under Rule 60(b).[1] Plaintiffs seek to use the residual clause of Rule 60(b)(6) by filing an independent action and alleging fraud on the court by the Defendant's obtaining of the prior judgment against them. However, a clear reading of the complaint and of the evidence offered shows that Plaintiffs rest their claim under Rule 60(b)(3) by alleging misrepresentations or fraud by prior counsel for Defendant and construing such conduct as fraud on this Court.

2. A claim under Rule 60(b)(3) must be brought within the one-year time limit incorporated in the rule, and the one-year limitation cannot be circumvented by filing a proceeding under Rule

---

[1] At the time of the filing of this proceeding, Federal Rule of Civil Procedure 60(b) provided in pertinent part:
> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:
>
> ***
>
> (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party. . . or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided in Title 28, U.S.C. § 1655, or to set aside a judgment for fraud upon the court.

60(b)(6). *See Gulf Coast Bldg. & Supply Co. v. International Broth. of Elec. Workers, Local No. 480, AFL-CIO*, 460 F.2d 105, 108 (5th Cir. 1972). The present adversary proceeding was brought well over one year from the judgment and from the order disallowing the claim. Therefore such action is time-barred.

3. Further, were the Court to consider the Plaintiffs' arguments based on Rule 60(b)(6), based on the evidence presented, the Court finds that the Plaintiffs did not prove fraud on the Court in the underlying adversary proceeding. Plaintiffs assert that their counsel had an agreement with Defendant's former counsel that no actions would take place in the underlying adversary while the parties were discussing the matter and investigating the facts. The evidence offered at the trial suggests only that the parties agreed to an extension of the answer date. When the trial docket call occurred, former counsel for Defendant appeared and announced ready. No counsel for Plaintiffs appeared. The Court, with a predecessor of the undersigned presiding, granted judgment by default.

4. While the failure to disclose to the Court that Plaintiffs had counsel and had been in discussion with such counsel certainly is surprising and is close to a sharp practice, such conduct does not amount to fraud on the Court. Under existing case law in this circuit, fraud on the court is a narrow concept embracing frauds which defile the court itself or are perpetrated by officers of the court so that the judiciary cannot perform its job of adjudging cases impartially. *See, e.g., Wilson v. Johns-Manville Sales Corp.*, 873 F.2d 869 (5th Cir. 1989). "Generally speaking, only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute a fraud on the court." *Rozier v. Ford Motor Co.,* 573 F.2d 1332, 1338 (5th Cir. 1978) (citing to *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 64 S.Ct. 997, 88 L.Ed. 1250 (1944)). "Less egregious misconduct, such as

**Findings of Fact and Conclusions of Law- Page 5**

nondisclosure to the court of facts allegedly pertinent to the matter before it, will not ordinarily rise to the level of fraud on the court." *Id*.

5. Again, this Court does not appreciate former counsel's failure to be up front with the Court; however, the high requirements of fraud on the court have not been met on these facts.

6. Finally, Plaintiffs have made out a much weaker claim in their quest to set aside the order disallowing Mr. Blumberg's proof of claim. Counsel for Plaintiffs, Mr. Rossini, signed the proof of claim and noted the address for service as his law firm's. An objection to the claim was filed and served electronically on the attorney, as was the notice of hearing and the order disallowing the claim.

7. Mostly, the facts presented at trial show that counsel had a number of matters in which he was receiving electronic notice from this Court and that he might have missed the objection, notice of hearing, and the order. This bankruptcy case has been pending for many years. A plan has been confirmed. Distributions have commenced, and a final decree has been entered.

8. Plaintiff has not shown cause to set aside the order disallowing his claim under Federal Rule of Bankruptcy Procedure 3008, and has not met his burden under Rule 60(b).

For these reasons, judgment will be entered for Defendant. Defendant's counsel shall submit a form of judgment and an order denying the motion filed in the main case within ten days.

###End of Findings of Fact and Conclusions of Law###